Filed 3/19/13  P. v. Safety Nat. Casualty Corp. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>SAFETY NATIONAL CASUALTY CORPORATION,<br><br>        Defendant and Appellant. | F063828<br><br>(Super. Ct. Nos. VCU244238/DCF221840)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl D. Ferguson, Judge.

E. Alan Nunez for Defendant and Appellant.

Kathleen Bales-Lang, County Counsel, and Elizabeth A. Klotz, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Detjen, J. and Peña, J.

In this bail forfeiture action, appellant, Safety National Casualty Corporation (Safety National), challenges the trial court's order denying a motion to vacate the forfeiture and exonerate bail. According to Safety National, the trial court lost jurisdiction and the bond was exonerated by operation of law when Safety National was not given notice of transfer of bail after the criminal complaint was amended to charge the defendant with felonies rather than misdemeanors. Safety National argues that the amendment was tantamount to a dismissal of the original complaint and therefore Safety National was entitled to notice of the bail transfer under Penal Code[1] section 1303. Safety National further contends that the trial court entered summary judgment prematurely.

Contrary to Safety National's position, notice of a bail transfer was not required. By the express language of the bond, Safety National undertook to ensure the defendant's appearance to answer charges in the complaint or "in duly authorized amendments" to the complaint. Although the defendant was subject to a greater potential maximum penalty under the amended complaint, those charges were based on the same acts alleged in the original complaint. Further, the court properly entered summary judgment. Accordingly, the judgment will be affirmed.

## BACKGROUND

Defendant, Hector Aguilar, was arrested and held to answer for driving under the influence and driving with a suspended license. A complaint was filed charging Aguilar with misdemeanor violations of Vehicle Code sections 23152, subdivisions (a) and (b), and 14601.2, subdivision (a).

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

A Safety National bail bond in the amount of $35,000 was posted for Aguilar on March 21, 2010. An amended complaint charging Aguilar with felony violations of Vehicle Code section 23152, subdivisions (a) and (b), was filed on May 20, 2010.

Aguilar failed to appear on July 14, 2010, and the bond was declared forfeited. Notice of forfeiture was mailed to Safety National on July 15, 2010. The exoneration period, as extended, expired on July 15, 2011.

On July 15, 2011, Safety National filed a motion to vacate the forfeiture and exonerate bail. Safety National argued that the trial court was deprived of jurisdiction when it failed to give notice of transfer of bail after the original misdemeanor complaint was amended to include felony charges.

Following several continuances, the motion to exonerate bail was heard on September 20, 2011. At that time, the trial court denied the motion. Thereafter, the court entered summary judgment.

## DISCUSSION

**1.     *The trial court did not abuse its discretion in denying the motion.***

"The deferential abuse of discretion standard applies to the trial court's resolution of a motion to set aside a bail forfeiture, subject to any constraints imposed by the bail statutory scheme." (*People v. Indiana Lumbermens Mutual Ins. Co.* (2012) 202 Cal.App.4th 1541, 1545 (*Indiana Lumbermens*).)

Section 1303 establishes a procedure for transferring bail from a dismissed criminal action to a new criminal action. If an action is dismissed and within 15 days of the dismissal the defendant is arrested and charged with a public offense arising out of the same act or omission, the bail on file will be applied to the new action. However, under these circumstances, the court must promptly give notice to the surety on the bond. If the court fails to give notice of transfer of the bail to a new complaint as required under section 1303, the bond is exonerated. (*People v. Surety Ins. Co.* (1983) 139 Cal.App.3d 848, 854 (*Surety Ins. Co*).) "The surety undertakes to answer for the defendant's failure

3.

to appear at proceedings concerning a specific complaint charging specific offenses. He is entitled to stand on his contract." (*Ibid.*)

Safety National argues that it was entitled to notice under section 1303 when the complaint was amended to charge felony violations of Vehicle Code section 23152, subdivisions (a) and (b), in place of misdemeanor violations of these subdivisions. Relying on *Surety Ins. Co.* and *People v. Resolute Ins. Co.* (1975) 50 Cal.App.3d 433 (*Resolute*), Safety National contends it was entitled to reappraise its risks upon the change in the conditions of the bail contract. (*Resolute, supra,* 50 Cal.App.3d at p. 436; *Surety Ins. Co., supra,* 139 Cal.app.3d at p. 854.)

However, unlike *Resolute* and *Surety Ins. Co.*, this action was not dismissed and bail was not transferred. Rather, the complaint was amended. Section 1303 applies when the action or proceeding has been dismissed. Thus, section 1303 does not apply here.

A bail bond is a contract that delineates the surety's liability. Thus, Safety National is bound by the bond's terms. (*People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391, 1395-1396 (*International Fidelity*).)

Under the bond, Safety National undertook to ensure Aguilar's appearance "to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her *or in duly authorized amendments thereof*, in whatever court it may be filed and prosecuted .…" (Italics added.) Thus, the bond obligated Safety National to guarantee Aguilar's appearance on the amended complaint so long as those charges were based on the acts supporting the original complaint. Both complaints arose from the identical acts. Only the potential punishment was changed. Contrary to Surety National's position, there is no requirement that a complaint charging misdemeanor driving under the influence violations be dismissed and refiled, rather than amended, to charge felony driving under the influence violations. Thus, the Safety National bond ensured Aguilar's appearance on the amended complaint without being transferred. (Cf. *International Fidelity, supra,* 185 Cal.App.4th at p. 1396.)

4.

Additionally, the fact that Aguilar was subject to a greater maximum penalty under the amended complaint is not dispositive. Any changes to, or additions of, charges based on the same acts alleged in the original complaint that materially increase the risk faced by the surety do not automatically exonerate the bond. (*Indiana Lumbermens, supra,* 202 Cal.App.4th at p. 1546.) There is no common law defense to a bail forfeiture based on the surety's risk being materially increased. (*County of Los Angeles v. American Contractors Indemnity Co.* (2011) 198 Cal.App.4th 175, 178.)

Here, there is nothing in the bond or any statute referring to increased flight risk as a term of the bond. (Cf. *International Fidelity, supra,* 185 Cal.App.4th at p. 1397.) Moreover, Safety National was free to monitor the case and surrender Aguilar pursuant to section 1300 if it believed the bond was inadequate to cover the flight risk presented by the amended complaint. (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 6.)

In sum, Safety National was obligated to ensure Aguilar's appearance on the amended complaint without notice from the trial court. Therefore, the trial court did not abuse its discretion when it denied Safety National's motion to vacate the forfeiture and exonerate bail.

**2.      *Summary judgment was properly entered.***

Section 1306 provides that when a bond is forfeited and the exoneration period has elapsed without the forfeiture having been set aside, the court shall enter summary judgment on the bond. However, if a motion to vacate the forfeiture has been filed but not decided during the exoneration period, it cannot be said that the exoneration period has elapsed without the forfeiture being set aside because the court may yet decide to set aside the forfeiture. (*People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 764.) Thus, if the hearing on the motion to vacate the forfeiture is held after the end of the exoneration period, the time period for entering summary judgment begins only when the court actually denies the motion. (*Id*. at p. 768.)

5.

Here, the exoneration period ended on July 15, 2011, but the hearing on the motion to vacate the forfeiture was not held until September 20, 2011. The court denied the motion on September 20 and thereafter entered summary judgment on the bond.

Safety National argues the entry of summary judgment was premature. According to Safety National, the court was required to wait until the following day to enter summary judgment.

However, once the trial court denied the motion to vacate the forfeiture, the time for entering summary judgment began to run. Thus, the trial court had jurisdiction to enter summary judgment at that time. Section 1306 does not state that summary judgment shall be entered *the day after* the exoneration period has elapsed without the forfeiture having been set aside. It states only that summary judgment shall be entered *when* such exoneration period has elapsed.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.

6.