Filed 11/3/14  County of Los Angeles v. Indiana Lumbermens Mutual Ins. Co. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| COUNTY OF LOS ANGELES, | B249091 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. OSJ1498) |
| v. | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lia M. Martin, Judge.  Affirmed.

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

John F. Krattli, County Counsel, Ruben Baeza Jr., Assistant County Counsel, and Debbie C. Carlos, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Indiana Lumbermens Mutual Insurance Company (Indiana) appeals from the trial court's order denying Indiana's motion to set aside summary judgment, discharge forfeiture, and exonerate bail. Indiana argues the trial court abused its discretion in denying the motion because the court materially increased Indiana's risk under a bond posted to secure a defendant's release in one case, when the court subsequently released the same defendant on his own recognizance in a preexisting, unrelated case. As discussed below, the trial court's decision to release the defendant on the preexisting case did not materially increase Indiana's risk under the subject bond. Accordingly, we affirm the trial court's ruling.

## BACKGROUND

### A. The Defendant's Criminal History and the Subject Bond

On April 8, 2008, a criminal complaint was filed against Facial Cherradi, charging him with the following crimes: three counts of felony burglary; one count of felony identity theft; and one count of felony possession of a controlled substance (the old felony case). On April 15, 2008, Cherradi pled no contest to the felony identity theft charge, and the remaining charges were dismissed. Pursuant to the plea agreement in that case, the court suspended imposition of Cherradi's sentence and placed him on three-year probation. On March 8, 2010, Cherradi's probation in the old felony case was revoked.

On March 18, 2010, another criminal complaint was filed against Cherradi, charging him with three misdemeanors (the misdemeanor case).

On August 24, 2010, the trial court reinstated Cherradi's probation in the old felony case with the following modified terms: (1) Cherradi was sentenced to three years in state prison, with execution of the sentence suspended; (2) Cherradi was ordered to serve an additional 152 days in county jail; and (3) Cherradi's probation was extended until August 24, 2012.

On August 16, 2011, a third criminal complaint was filed against Cherradi, charging him with the following crimes: felony possession of a controlled substance;

felony possession of another's access card with intent to use fraudulently; and felony identity theft (the new felony case).

On February 18, 2012, Indiana posted a $70,000 bail bond to secure Cherradi's release in the new felony case. That same day, Indiana posted a $7,500 bond to secure Cherradi's release in the misdemeanor case.

B. *The Trial Court's Decision to Release the Defendant on his Own Recognizance, the Defendant's Failure to Appear, and Subsequent Court Proceedings*

On February 21, 2012, Cherradi appeared at a hearing on the new felony and misdemeanor cases. At that hearing, the trial court also addressed the old felony case, which apparently was not on calendar for that day.[1] The trial court made the following orders at the hearing: (1) with respect to the new felony case, it set a preliminary hearing for March 20, 2012 and released Cherradi on the $70,000 bond posted by Indiana; (2) with respect to the misdemeanor case, it set a probation violation hearing for March 20, 2012, and released Cherradi on the $7,500 bond posted by Indiana; and (3) with respect to the old felony case, it revoked Cherradi's probation, set a probation violation hearing for March 20, 2012, and released Cherradi on his own recognizance. Concerning the old felony case, the trial court stated: "I'm going to release [Cherradi] on that case. But for the record I think everybody should know [ ] the reason I'm releasing him O.R. He did not know that case was here." The court went on to state: "On [the old felony case] only the defendant is going to be released O.R."

Cherradi appeared at the March 20, 2012 hearing. At that hearing, he pled no contest to the charges alleged in the new felony case and agreed to serve a three-year state-prison sentence, which was to run concurrently with the old felony case's three-year

---

[1]     Although Cherradi was not scheduled to appear on the old felony case at the February 21, 2012 hearing, Cherradi's attorney made several attempts to order that case's file at several of Cherradi's hearings leading up to February 21, 2012. For example, at a January 19, 2012 hearing on the new felony case, Cherradi's counsel made the following request: "Your Honor, in this case we would be asking to continue it to February 2nd so that we can re-order [the old felony case]."

3

sentence.  The trial court put over sentencing to April 5, 2012 and ordered Cherradi to appear on that date.

Cherradi failed to appear on April 5, 2012.   As a result, the trial court forfeited Indiana's bonds in the new felony case and the misdemeanor case.[2]

On April 6, 2012, the trial court mailed Indiana notice of the forfeiture in the new felony case.   On December 4, 2012, the trial court mailed Indiana a Notice of Entry of Judgment on Forfeited Bond and Demand for Payment (Sup. Ct. L.A. County, No. SJ001498), informing Indiana that summary judgment on its forfeited bond was entered on December 3, 2012.

On March 15, 2013, Indiana filed a motion to set aside summary judgment, discharge forfeiture, and exonerate bail.  In its motion, Indiana argued the court lacked jurisdiction to forfeit Indiana's bond in the new felony case.  Specifically, Indiana contended the trial court's decision to release Cherradi on his own recognizance in the old felony case materially increased Indiana's risk under the bond it posted in the new felony case, thereby exonerating that bond.  On April 19, 2013, the trial court denied Indiana's motion.  On May 24, 2013, Indiana timely filed its Notice of Appeal.

## STANDARD OF REVIEW

"An order denying a motion to vacate summary judgment on a bail bond forfeiture is an appealable order and is a proper vehicle for considering a jurisdictional attack on the summary judgment. [Citation.]  Ordinarily, appellate courts review an order denying a motion to vacate the forfeiture of a bail bond under an abuse of discretion standard. [Citation.]"  (*People v. International Fidelity Ins. Co. (2012) 204 Cal.App.4th 588, 592 (Fidelity II)*; see also *People v. Indiana Lumbermens Mut. Ins. Co.* (2012) 202 Cal.App.4th 1541, 1545 (*Indiana Lumbermens*) ["The deferential abuse of discretion

---

[2]     In the instant appeal, Indiana challenges the trial court's forfeiture of the bond posted in the new felony case; it does not challenge the trial court's forfeiture of the bond posted in the misdemeanor case.

4

standard applies to the trial court's resolution of a motion to set aside a bail forfeiture, subject to any constraints imposed by the bail statutory scheme"].)

"""'The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. . . ." The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond.'" (*People v. Western Insurance Company* (2013) 213 Cal.App.4th 316, 321 (*Western*), citing *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.) Nevertheless, the surety bears the burden of demonstrating a forfeiture should be vacated and the subject bond should be exonerated. (*Western*, *supra*, 213 Cal.App.4th at p. 321.)

## DISCUSSION

Indiana contends the trial court's decision to release Cherradi on his own recognizance in the old felony case materially increased Indiana's risk under the bond it posted in the new felony case, thereby requiring the trial court to exonerate that bond. We disagree.

### A.    *Applicable law*

When a surety posts a bond to secure a defendant's release, a contract is created between the surety and the court. (*Western*, *supra*, 213 Cal.App.4th at pp. 321-322.) By entering into this contract, the surety assumes the risk that the amount of the bond it deposits with the court will be forfeited in the event the defendant fails to appear at future hearings where his or her presence is required. (*Ibid*; see also Pen. Code, § 1305, subd. (a).) In the event the defendant fails to appear without sufficient excuse at such a hearing, Penal Code section 1305, subdivision (a),[3] requires the court to declare the surety's bond forfeited. (§ 1305, subd. (a)(4).) Once the bond is declared forfeited, "[t]he surety that posted the bond then has a statutory 'appearance' period in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other circumstances requiring the court to vacate the forfeiture." (*Western*, *supra*, 213

---

[3]    All further statutory references are to the Penal Code unless otherwise specified.

Cal.App.4th at p. 322; see also Pen. Code, § 1305, subd. (b).) "'If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety.' [Citation.]" (*Western*, *supra*, 213 Cal.App.4th at p. 322.)

Section 1305 also sets forth when the trial court is required to exonerate a bond forfeiture. (§ 1305, subds. (b)-(d), (f), (g).) These "remedies" for exoneration of a bond forfeiture are not exclusive, however, as a surety may be entitled to exoneration of a forfeiture under circumstances not addressed in section 1305. (See, e.g., *Western*, *supra*, 213 Cal.App.4th at pp. 323-325 [bond exonerated because court materially increased surety's risk under bond agreement where court executed order allowing the defendant to leave the country without first notifying the surety or otherwise obtaining the surety's consent]; *People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [bail exonerated despite failure of defendant to appear for execution of judgment, where surety fulfilled its obligations under sections 1195 and 1459]; *People v. Surety Ins. Co.* (1983) 139 Cal.App.3d 848, 854 [bail exonerated where surety was not notified pursuant to section 1303 that bail was transferred to a new complaint]; *People v. Resolute Ins. Co.* (1975) 50 Cal.App.3d 433, 437 [bail exonerated where surety was not notified pursuant to section 1303 that bail was transferred from a dismissed complaint to later-issued indictment].) Here, Indiana seeks exoneration of its bond on non-statutory grounds.

## B.  *The trial court did not materially increase Indiana's risk under the subject bond agreement*

Indiana argues the trial court should have exonerated the bond Indiana posted in the new felony case because the court's decision to release Cherradi on his own recognizance in the old felony case materially increased Cherradi's flight risk, thereby divesting the trial court of its jurisdiction to declare the new felony case's bond forfeited. We disagree.

This District's decision in *Indiana Lumbermens*, *supra*, 202 Cal.App.4th 1541, is instructive on the issue before us, which is whether the trial court's decision to release the defendant on his own recognizance in the old felony case materially increased the risk

6

that Cherradi would fail to appear in the unrelated new felony case, when the old felony case predates and is unrelated to the new felony case.

In *Indiana Lumbermens*, a criminal defendant faced two cases involving felony robberies. (*Indiana Lumbermens*, s*upra*, 202 Cal.App.4th at p. 1544.) The first case involved a single count of second degree robbery (first case), and the second case, as initially filed, involved ten criminal charges, including six second degree robbery counts, one attempted second degree robbery count, and three receiving stolen property counts (second case). (*Ibid.*) The complaints in both cases alleged the defendant committed the crimes during the same period of time. (*Id*. at pp. 1544, 1550.) After the complaints were filed, a surety posted a $500,000 bond to secure the defendant's release. (*Id*. at p. 1544.) The defendant later failed to appear at a hearing on both cases and the $500,000 bond was forfeited. (*Ibid.*)

After the defendant was later captured and remanded to custody, another surety posted a $625,000 bond to secure the defendant's release in the second case. (*Indiana Lumbermens*, *supra*, 202 Cal.App.4th at p. 1544.) With respect to the first case, the trial court released the defendant on his own recognizance without explanation. (*Ibid.*) Later, the trial court consolidated the defendant's two cases, left the defendant's bail unchanged without notifying the surety, and allowed the defendant to remain out of custody. (*Ibid.*) Later that year, the defendant failed to appear for trial on the consolidated case and the trial court declared the surety's $625,000 bond forfeited. (*Ibid.*) In a motion to set aside the forfeiture, the surety argued the trial court lost jurisdiction to declare the bond forfeited by allowing the bond to secure the defendant's release on the charge originally alleged in the first case after the defendant's cases were consolidated. (*Id.* at p. 1545.) Specifically, the surety argued the consolidation materially changed the terms of the bond posted in the second case and materially increased the surety's risk under that bond. (*Id*. at pp. 1545, 1550-1551.) The trial court denied the surety's motion. (*Id*. at p. 1545.)

Division Three affirmed the trial court's decision on two grounds. (*Indiana Lumbermens*, *supra*, 202 Cal.App.4th at pp. 1549-1551.) On the first ground, it held the trial court's consolidation of the two cases without altering bail was a duly authorized

amendment of the bond agreement, which did not require the trial court to first provide notice to the surety. (*Id*. at pp. 1550-1551.) On the second ground, the court concluded that even if the trial court's consolidation was not a duly authorized amendment of the second case's bond agreement, the consolidation did not materially increase the surety's risk under that bond. (*Id*. at pp. 1550-1551.) The court reasoned the consolidation did not materially increase the surety's risk because, at the time the surety posted the $625,000 bond in the second case, the first case was already in existence, a fact the surety could have ascertained before it posted the $625,000 bond. (*Id*. at p. 1550.) The court also looked to the fact the surety was aware the defendant had previously failed to appear in 2003, which caused a different surety to forfeit a $500,000 bond. (*Ibid*.) With these two factors in mind, the court determined the surety should have been aware of any significant risk imposed by the first case at the time it posted the bond in the second case. (*Ibid*.) Finally, the court reasoned the consolidation of the two cases did not increase the defendant's motivation to flee because "he was facing the same charges after the consolidation as before and he stood to forfeit the same $625,000 if he failed to appear [on the consolidated case]." (*Id*. at p. 1551.)

Here, Indiana raises an argument similar to the one raised by the surety in *Indiana Lumbermens*. Indiana argues the trial court's decision to release Cherradi on his own recognizance on the old felony case materially increased Indiana's risk under the bond it posted in the new felony case because, at the time Indiana posted the bond, it was unaware of Cherradi's old felony case and did not intend to secure his release on that case. We reject this argument.

The old felony case originated well before Indiana posted its bond in the new felony case. (See *Indiana Lumbermens*, *supra*, 202 Cal.App.4th at p. 1551 ["It is undisputed the [first] case was already in existence at the time Indiana undertook the risk of guaranteeing [the defendant's] appearance in the [second] case"].) As the trial court's records reflect, the old felony case originated in 2008, remained active when Cherradi first violated probation in 2010, and was brought back to the trial court's attention less than one month before Indiana posted bail in Cherradi's new felony case. Therefore,

8

Indiana could have discovered the old felony case at the time it posted Cherradi's bail in the new felony case. (See *Indiana Lumbermens*, *supra*, 202 Cal.App.4th at p. 1551 ["Thus, [the surety] either knew of, or could have ascertained, the pendency of the [first case] at the time it issued the bond in the [second case]"]; see also *People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 6 (*Bankers*) [surety could have monitored the defendant's case after the prosecuting agency amended the complaint under which the surety's bond was posted to determine whether there was an increased flight risk].) Indeed, Indiana offered the trial court no explanation for why it was unable to discover the old felony case before posting the subject bond. (See *Western*, *supra*, 213 Cal.App.4th 316, 321 ["The surety has the burden of proof in a motion to set aside a forfeiture"]; see also *Indiana Lumbermens*, *supra*, 202 Cal.App.4th at p. 1551.)

Further, the trial court's decision to release Cherradi on his own recognizance on the old felony case did not create any additional incentive for Cherradi to flee the trial court's jurisdiction. The trial court added the suspended prison sentence to Cherradi's probation in the old felony case approximately one year before the new felony case was filed. As a result, Cherradi would have been aware of the potential for serving that prison sentence at the time Indiana posted its bond in the new felony case. Thus, any incentive for Cherradi to flee stemming from the old felony case would have existed before Indiana posted the subject bond. (See *Indiana Lumbermens*, *supra*, 202 Cal.App.4th at p. 1551 [the trial court's decision to consolidate the defendant's cases did not increase the defendant's motivation to flee because the defendant was facing the same potential punishment after the court's decision as before, and he stood to forfeit the same amount of money if he failed to appear].)

Finally, Cherradi appeared at a hearing in the new felony case nearly one month after the trial court released him on his own recognizance. Thus, Indiana actually had the opportunity to monitor Cherradi following his release to determine whether the trial court's decision increased Indiana's risk under the subject bond and, whether based on this information, it would have been prudent to arrest Cherradi and surrender him to the court's custody to ensure his continued appearance going forward. (See *Bankers*, *supra*,

9

181 Cal.App.4th at p. 6 [surety was free to monitor the defendant's case to determine whether it believed its bond was adequate to cover the defendant's flight risk].)

In light of the foregoing, we find the trial court's decision to release Cherradi on his own recognizance in the old felony case did not materially increase Indiana's risk under the bond it posted to secure Cherradi's release in the new felony case.  Therefore, the trial court did not abuse its discretion in denying Indiana's motion.

### DISPOSITION

The order denying Indiana's motion to set aside summary judgment, discharge forfeiture, and exonerate bond is affirmed.  Respondent shall recover its costs on appeal.


                                                        **WOODS, Acting P. J.**


**We concur:**




         **ZELON, J.**                                  **SEGAL, J.**[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.