[No. B223780. Second Dist., Div. Five. Aug. 9, 2011.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
AMERICAN CONTRACTORS INDEMNITY COMPANY, Defendant and
Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Andrea Sheridan Ordin, County Counsel, Ralph L. Rosato, Assistant County Counsel, and William B. Birnie, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

MOSK, J.—

### INTRODUCTION

Defendant and appellant American Contractors Indemnity Company (American) issued a bail bond for the release of Adolphus Jenkins on a criminal charge. When Jenkins failed to appear, the trial court ordered the bail

forfeited. The trial court denied American's motion to vacate the forfeiture and exonerate the bail, and entered summary judgment. On appeal, American contends that its liability on the bond was extinguished when, prior to the hearing at which Jenkins did not appear, additional criminal charges and a "Three Strikes" law[1] allegation were made against Jenkins without notice to American. We affirm.

## BACKGROUND

On July 8, 2007, Jenkins was arrested and charged with a violation of Penal Code section 273.5, subdivision (a) (willful infliction of corporal injury on, among others, a cohabitant).[2] On July 9, 2007, American posted a $50,000 bail bond for Jenkins's release. The bond provided that Jenkins had been ordered to appear in court on September 10, 2007, on a charge under section 273.5, subdivision (a). On August 13, 2007, the Los Angeles County District Attorney's Office filed a complaint against Jenkins that alleged the section 273.5, subdivision (a) violation, but also added charges that Jenkins failed to register as a sex offender (§ 290, former subd. (a)(1)(A)) and failed to file a change of address (§ 290, former subd. (f)(1)(A)). The complaint also alleged that Jenkins had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[3] The complaint included a recommendation that bail be set at $140,000.

At Jenkins's arraignment on September 10, 2007, the trial court ordered that Jenkins's bail would "stand." The prosecutor stated that she did not know the amount of Jenkins's bail, but pointed out that Jenkins had two prior convictions that were alleged as convictions under the Three Strikes law. The trial court stated, "Well, I looked at the new bail schedule, and there's a different rule regarding a nonviolent felony versus a violent felony. Violent is $1 million, and non-violent is $100,000. [¶] Bail will be set at $50,000. That is the amount of the bail bond."

On August 4, 2008, Jenkins failed to appear for a pretrial conference, and the trial court ordered Jenkins's bail forfeited. The court clerk mailed notice

---

[1] See *People v. Casper* (2004) 33 Cal.4th 38, 41–42 [14 Cal.Rptr.3d 43, 90 P.3d 1203]; *People v. Davis* (1997) 15 Cal.4th 1096, 1099 [64 Cal.Rptr.2d 879, 938 P.2d 938] ("The statute's unambiguous purpose is to provide greater punishment for recidivists.").

[2] All statutory references are to the Penal Code.

[3] We asked the parties to brief the issue of whether American's failure to designate a reporter's transcript warrants affirmance based on the inadequacy of the record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 [240 Cal.Rptr. 872, 743 P.2d 932]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65].) Subsequently, we granted American's motion to augment the record on appeal to include the reporter's transcript, rendering this issue moot.

of the forfeiture to American, and American timely filed a motion to vacate the forfeiture and exonerate the bail.[4] The trial court denied the motion, and entered a summary judgment against American on the forfeited bail. (§ 1306, subd. (a).)

## DISCUSSION

American asserts that it assessed its risk and posted a $50,000 bond for Jenkins's release based on the assumption that Jenkins faced a single charge of inflicting corporal injury on a cohabitant. American contends that its risk was increased when the district attorney filed a complaint that alleged the additional charges that Jenkins failed to register as a sex offender and failed to file a change of address, and alleged that Jenkins had suffered two prior convictions within the meaning of the Three Strikes law. According to American, the additional charges and allegation were added without notice to American, and the terms of its undertaking were materially changed without its permission, thus extinguishing its liability on the bond.

### A. *Standard of Review*

"Although we normally review an order denying a motion to vacate the forfeiture of a bail bond for abuse of discretion (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5 [104 Cal.Rptr.3d 87] (*Bankers Ins. Co.*)), where the issue is one of statutory construction or contract interpretation, and the evidence is not in dispute, the de novo standard of review applies (*People v. American Bankers Ins. Co.* (1992) 4 Cal.App.4th 348, 350 [5 Cal.Rptr.2d 620]). We review the trial court's order in this case de novo because there is no extrinsic evidence to consider in interpreting the contract." (*People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391, 1395 [111 Cal.Rptr.3d 460].)

### B. *Application of Relevant Principles*

■ "When a criminal defendant fails to appear for any occasion where his presence is required, a trial court must declare a bail bond forfeited. (Pen. Code, § 1305, subd. (a).) There are statutory grounds for vacating forfeiture and exonerating a bond. (Pen. Code, § 1305, subds. (c), (d), (f), (g).)" (*People v. Bankers Ins. Co., supra,* 181 Cal.App.4th at p. 5 (*Bankers Ins. Co.*).) There is no common law defense to a bail forfeiture on the ground that a surety's risk has been materially increased. (*Id.* at p. 6.) "A bail bond is a contract between the government and the surety. (*People v. Amwest Surety Ins.*

---

[4] We grant plaintiff and respondent County of Los Angeles's motion for judicial notice of the electronic docket in this case.

*Co.* (1991) 229 Cal.App.3d 351, 356 [280 Cal.Rptr. 58].) The surety's liability is limited to the contract's terms. (*Coast Surety Co. v. Municipal Court* (1934) 136 Cal.App. 188, 190 [28 P.2d 421].)" (*Ibid.*)

American does not argue that the trial court erred in not exonerating the bail on a statutory ground. Instead, American contends that the trial court erred in not exonerating the bail on a common law ground—a material increase in American's risk based on the increased risk of a nonappearance by Jenkins. But, as stated above, there is no common law defense to a bail forfeiture based on a material increase in the surety's risk. (*Bankers Ins. Co., supra*, 181 Cal.App.4th at p. 6.) And, even if there were such a defense, American's contention would not prevail because American's risk did not contractually increase.

In *Bankers Ins. Co., supra*, 181 Cal.App.4th 1, the court held that even though there were more charges in the complaint than just the offense for which defendant was arrested and the charges warranted a higher bail based on the bail schedule, the bond would not be exonerated. The court said, "That higher bail might have been warranted, however, does not mean [the surety's] risk materially increased, since the bond language encompassed the charges that ultimately were included in the complaint." (*Id.* at p. 7.) The instant case involves charges *unrelated* to the offense in connection with which the bond was issued. But the reasoning of the court in *Bankers Ins. Co.* is applicable.

In *Bankers Ins. Co., supra*, 181 Cal.App.4th at page 6, the Court of Appeal noted that the bail bond in that case used the term "charge" to notify the defendant that he was to appear to answer an identified charge on a particular date and to define the surety's obligation under the bond. (*Ibid.*) The term "charge" was used in the same ways in American's bond. American's bond provided that Jenkins was ordered to appear on September 10, 2007, "on [section] 273.5(a) PC charge/s" and that American undertook to ensure that Jenkins would appear to "answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him . . . ." It appears that no complaint had been filed at the time American issued the bond.

■ In issuing the bond, American guaranteed Jenkins's appearance on charges that would be made in a future complaint. The later-filed complaint in this case charged Jenkins with inflicting corporal injury on a cohabitant, failing to register as a sex offender, and failing to file a change of address. The complaint also contained an allegation that Jenkins had suffered two prior convictions within the meaning of the Three Strikes law. Because the original complaint contained those charges and that allegation, and American guaranteed that Jenkins would appear on any charge based on acts supporting

the complaint, no material change in American's contractual risk resulted. Moreover, as stated in *Bankers Ins. Co., supra*, 181 Cal.App.4th at page 6, American "was free to monitor the case and determine what charges ultimately were made in the original complaint, and free to surrender [Jenkins] pursuant to Penal Code section 1300 if it believed the bond was inadequate to cover the flight risk presented by the complaint." Accordingly, the trial court correctly refused to exonerate the bail.

## DISPOSITION

The judgment is affirmed. The County of Los Angeles is awarded its costs on appeal.

Turner, P. J., and Kriegler, J., concurred.