Filed 5/31/2016

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BANKERS INSURANCE CO.,<br><br>　　　Defendant and Appellant. | H040226<br>(Santa Clara County<br>　Super. Ct. No. C1121102) |

　　　　Appellant Bankers Insurance Co. (Bankers) appeals from the superior court's order denying its motion to vacate the forfeiture of its bail bond. The bond expressly applied to "duly authorized amendments" to the complaint. Bankers contends that the court was required to vacate the forfeiture because the prosecution's filing of an unauthorized amended complaint materially increased its risk under the bond. Respondent maintains that the court was not required to vacate the forfeiture because there was no statutory basis for doing so and the amended complaint did not materially increase Bankers's risk under the bond. We conclude that, although the amendment to the complaint was not duly authorized, it did not materially increase the surety's risk and therefore did not require the court to vacate the forfeiture and exonerate the bond.

# I. Background

Martin Hernandez Moreno was arraigned on December 6, 2011 on a complaint charging him with felony counts of domestic violence (Pen. Code, § 273.5, subd. (a))[1] and false imprisonment (§§ 236, 237), which had occurred on December 2, 2011. At the arraignment, the court issued a domestic violence protective order (DVPO), set bail at $50,000, and remanded Moreno into custody.

On December 24, 2011, Bankers issued a bail bond of $50,000 to secure Moreno's release in the domestic violence and false imprisonment case. The bond stated that Moreno had been ordered to appear in court on January 18, 2012 on "pc 273.5(A), pc236/237 charge/s" and that the surety "undertakes that the above-named defendant will appear in the above named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court it may be filed and prosecuted, and will at all times hold him/herself amenable to the orders and process of the court . . . ."

Moreno appeared at the January 2012 hearing and at a February 5, 2012 hearing. On February 22, 2012, Moreno appeared in court for a "plea" hearing. The prosecutor announced that she was filing an "amended complaint . . . based on the new conduct, based on a violation of a restraining order on February 12, 2012." The amended complaint, filed that day, added misdemeanor counts of violating a protective order (§ 273.6, subd. (a)) and aggravated trespass (§ 602.5, subd. (b)), both based on conduct on February 12, 2012, to the two existing felony counts, which were both based on conduct on December 2, 2011. The prosecutor asked the court to increase the bail amount "based on the new law violations," which had "occur[red] while he was out on

---

[1]      Subsequent statutory references are to the Penal Code.

2

bail." The court was initially inclined to increase the bail amount, but after an unreported bench conference, the court decided "to leave the bail set at $50,000." The court set the preliminary examination for April 5, 2012.

Moreno did not appear at the April 5, 2012 hearing, and the court ordered the bail forfeited. Bankers was notified of the forfeiture. The court subsequently granted Bankers's request to extend the appearance period for an additional 180 days to April 2013.

In April 2013, Bankers filed a motion to vacate the forfeiture and exonerate the bond. Bankers argued that the court had materially increased its risk on the bond when it permitted Moreno to remain free on the bond after the amended complaint was filed. In June 2013, the court denied Bankers's motion. It found that the fact that the bond stated that it applied to "duly authorized amendments" was determinative. The court thereafter entered judgment on the bond, and Bankers timely filed a notice of appeal.

## II. Analysis

" 'Ordinarily, appellate courts review an order denying a motion to vacate the forfeiture of a bail bond under an abuse of discretion standard. [Citation.] When the appellate court is deciding only legal issues, however, such as jurisdictional questions and matters of statutory interpretation, the abuse of discretion standard does not apply. [Citation.] When the facts are undisputed and only legal issues are involved, appellate courts conduct an independent review.' [Citation.]" (*People v. Lexington National Insurance Corporation* (2015) 242 Cal.App.4th 1098, 1102.) The issues before us in this case do not involve any factual disputes, so we exercise independent review.

Bankers contends that it was entitled to vacation of the forfeiture because the amendment of the complaint materially increased its risk. It points out that the additional counts in the amended complaint were not based on the same acts as the counts in the original complaint since the crimes alleged in the new counts occurred two months after

3

the complaint was filed and the bond was issued.  Respondent contends that Bankers could not obtain vacation of the forfeiture because it did not establish any of the circumstances set forth in section 1305, which respondent claims are the exclusive bases for a vacation of a forfeiture.[2]  Respondent also contends that the amendment of the complaint did not materially increase the risk because the bond expressly applied to "all duly authorized amendments."  We begin by reviewing the cases that have dealt with these issues.

In *People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1 (*Bankers I*), the Fifth District Court of Appeal opined that the statutory grounds for vacating a forfeiture set forth in section 1305 are exclusive and "[t]here is no common law defense" to a forfeiture.  (*Bankers I*, at p. 6.)  However, the Fifth District also stated that it had "no quarrel" with the proposition that "a surety is entitled to stand on its contract and increasing the risk to a surety is the gravamen of a unilateral change on the government's part," but it found that the risk had not been materially increased on the facts of the case before it.  (*Bankers I*, at pp. 7-8.)  The criminal defendant in *Bankers I* had been in custody on sale and transportation of narcotics charges when the surety posted the broadly worded bond, which applied to "all duly authorized amendments" to a pleading.  (*Bankers I*, at p. 3.)  The subsequently filed complaint alleged that the criminal defendant had sold and transported *more than one ounce* of methamphetamine.  (*Bankers I*, at p. 3.)  The defendant thereafter failed to appear.  On appeal, the surety claimed that the allegations regarding the amount of methamphetamine materially increased the risk to the surety entitling it to vacation of the forfeiture.  The Fifth District found that the bond covered the subsequently filed complaint, and the amount allegations did not materially increase the risk to the surety.  (*Bankers I*, at pp. 3, 5, 7-8.)

---

[2]    Section 1305 provides that the court "shall vacate the forfeiture and exonerate the bond" under various circumstances.  (§ 1305, subds. (c)(1), (c)(2), (c)(3), (d), (f), (g).)

4

In *People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391 (*Fidelity*), the Fourth District Court of Appeal followed *Bankers I* in a case, like *Bankers I*, where a pleading increased the potential penalty but was based on the same acts alleged at the time the bond was issued. (*Fidelity*, at p. 1393.) The criminal defendant was charged in a complaint with several counts and enhancements concerning a robbery and assault on a single victim on a single date. (*Fidelity*, at pp. 1393-1394.) The surety issued a bond guaranteeing the criminal defendant's appearance " 'to answer *any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof.*' " (*Fidelity*, at pp. 1395-1396.) Amended pleadings were subsequently filed alleging additional offenses and enhancements pertaining to two additional victims that had occurred on the same date as the original charges. (*Fidelity*, at p. 1394.) The criminal defendant subsequently failed to appear, and the court ordered the bond forfeited and denied the surety's motion to vacate the forfeiture. (*Fidelity*, at pp. 1394-1395.) The Fourth District recognized the issue was one of contract interpretation. (*Fidelity*, at p. 1396.) It found that the bond covered the amended pleadings because the new counts were based on the same acts as those alleged in the original complaint. (*Fidelity*, at p. 1396.)

In *County of Los Angeles v. American Contractors Indemnity Co.* (2011) 198 Cal.App.4th 175 (*American*), Division Five of the Second District followed *Bankers I.* The criminal defendant had been arrested and charged with domestic violence. (*American*, at p. 177.) Before the complaint was filed, the surety issued a bond that undertook to ensure the criminal defendant's appearance on the domestic violence charge and to " 'answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him . . . .' " (*American*, at p. 179.) The complaint thereafter charged him with domestic violence and two "*unrelated*" sex offender registration violations, and it alleged two prior strike convictions. (*American*, at pp. 177, 179.) When the criminal defendant subsequently failed to appear, the court ordered the bond

forfeited, and it later denied the surety's motion to vacate the forfeiture. (*American*, at pp. 177-178.) On appeal, the surety claimed that the filing of the complaint adding two new unrelated charges and the strike allegations materially increased its risk. (*American*, at p. 178.) The court concluded that by guaranteeing the criminal defendant's appearance on any charge in any pleading based on the acts in the complaint *before the complaint was filed*, the surety contractually agreed to accept the risk that the complaint would include additional unrelated charges. (*American*, at p. 180.)

In *People v. Indiana Lumbermens Mutual Ins. Co.* (2012) 202 Cal.App.4th 1541 (*Indiana*), Division Three of the Second District also followed *Bankers I*. The criminal defendant had been charged by felony complaints in two separate cases. Although he had fled and been missing for five years before being arrested on a warrant in the two cases, he was inexplicably released on his own recognizance in the second case. (*Indiana*, at pp. 1543-1544.) The second case alleged a robbery committed on the same date as one of the many counts of robbery alleged in the first case. Both cases were pending when the surety issued a bond in the first case after defendant was recaptured. The bond provided that the surety guaranteed the criminal defendant's appearance " 'to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her *and all duly authorized amendments thereof, in whatever court it may be prosecuted . . . .*' " (*Indiana*, at p. 1549.) The two cases were subsequently consolidated, and the one count in the second case was added to the first case. The criminal defendant thereafter failed to appear. (*Indiana*, at p. 1544.) The court ordered the bond forfeited and denied the surety's motion to vacate the forfeiture. (*Indiana*, at pp. 1544-1545.)

On appeal, the surety claimed that the court had violated the conditions of the bond by applying it to the second unrelated case. (*Indiana*, *supra*, 202 Cal.App.4th at p. 1545.) Division Three found that the addition of the robbery count in the second case to the first case was a "duly authorized amendment" that was covered by the bond's express language. (*Indiana*, at pp. 1548-1550.) It also reasoned that, even if the

additional count was unrelated, it did not materially increase the surety's risk and therefore did not require vacation of the forfeiture. (*Indiana*, at pp. 1550-1551.) The criminal defendant was facing 11 counts in the first case and had already shown himself to be a high flight risk, so the addition of one more similar count did not materially increase the risk. (*Indiana*, at p. 1551.)

In *People v. Western Insurance Company* (2013) 213 Cal.App.4th 316 (*Western*), Division Four of the Second District, without mentioning *Bankers I*, held that section 1305 was not the exclusive basis for vacation of a forfeiture. The surety had issued a bond guaranteeing a criminal defendant's appearance to face counts alleged in a felony complaint. (*Western*, at p. 319.) The criminal defendant subsequently sought the court's permission to leave the United States so that he could go to the Philippines to attend his mother's funeral. Without notifying the surety, the court granted this request. (*Western*, at pp. 319-320.) The criminal defendant remained in the Philippines and failed to appear for trial. (*Western*, at p. 320.) The court ordered the bond forfeited and denied the surety's motion to vacate the forfeiture. (*Western*, at pp. 320-321.)

On appeal, Division Four held that the surety was entitled to have the forfeiture vacated. "[A] surety is discharged from its liability under the bail bond agreement if the government, without the surety's consent or knowledge, materially increases the surety's risks." (*Western*, *supra*, 213 Cal.App.4th at p. 322.) Because the government had permitted the criminal defendant to leave the country without notifying the surety, the government had materially increased the surety's risks. (*Western*, at pp. 323-324.) Division Four held that section 1305 is not exclusive, and a surety may obtain exoneration of a bond where the government materially increased the surety's risk without the surety's consent or notice to the surety. "[I]t has long been the law that the remedies provided in section 1305 for exoneration of a bond forfeiture under certain conditions *are not exclusive*. (*People v. McReynolds* (1894) 102 Cal. 308, 312 [36 P.

590].) Thus, a surety may be entitled to exoneration of a bond where circumstances outside those set forth in section 1305 exist." (*Western*, at p. 324, italics added.)

We do not disagree with the results in any of these cases. However, we do disagree with the broad statement in *Bankers I* that section 1305 provides the exclusive circumstances that may justify vacation of a forfeiture. Section 1305 identifies a number of circumstances under which the court must vacate the forfeiture and exonerate the bond. (§ 1305.) Section 1305 does not state that these circumstances are the exclusive bases for vacating a forfeiture. The courts in *Bankers I* and all of the cases following it considered the bonding language and whether the government's actions materially increased the risk that the surety had accepted. And all of these courts concluded that the risk had not been materially increased over that accepted by the surety in the bond. We agree with *Western* that, if the government materially increases the risk to the surety beyond the express terms of the bond without notice to the surety or the surety's consent, the government violates its contract with the surety, and the surety is entitled to vacation of the forfeiture and exoneration of the bond. Hence, we also agree with *Western* that section 1305 does not preclude a court from vacating a forfeiture and exonerating a bond under those circumstances.

We proceed to consider whether the amendment of the complaint materially increased the risk to Bankers beyond that contemplated by the express language of the bond. "A bail bond is a contract between the government and the surety. [Citation.] The surety's liability is limited to the contract's terms. [Citation.]" (*Bankers I*, *supra*, 181 Cal.App.4th at p. 6.) "[I]t is the accepted rule that a surety cannot be held beyond the express terms of his or her contract." (*People v. King Bail Bond Agency* (1990) 224 Cal.App.3d 1120, 1124.) Whether the amendment of the complaint materially increased Bankers's risk beyond what it had accepted in the bond is an issue of contract interpretation that we review de novo. (*Fidelity*, *supra*, 185 Cal.App.4th at p. 1396.)

8

Bankers's bond accepted responsibility for ensuring that Moreno would appear to face the domestic violence and false imprisonment counts alleged in the original complaint and "to answer any charge in any accusatory pleading *based upon the acts supporting the complaint* filed against him/her *and all duly authorized amendments thereof . . . .*" (Italics added.) The new charges were *not* based "upon the acts supporting the complaint," as they were based on acts that occurred two months after the acts alleged in the complaint. Nor was the amendment to the complaint a "duly authorized" amendment. Section 1009 governs amendments to complaints. "A complaint *cannot be amended* to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint." (§ 1009, italics added.) The new counts were not "attempted to be charged by the original complaint," nor could they "properly have been joined in the original complaint," since they had not yet occurred when that complaint was filed. It follows that the February 2012 amendment of the complaint was not a "duly authorized" amendment and did not fall within the express terms of Bankers's bond.

Nevertheless, the fact that the amended complaint did not fall within the express terms of the bond does not necessarily mean that Bankers was entitled to have the court vacate the forfeiture of its bond. That depends on whether the amendment of the complaint to add two misdemeanor counts to the two existing felony counts materially increased the risk to Bankers that Moreno would not appear to face the charges. We cannot see how the addition of two misdemeanor counts to two felony counts materially increased the risk to Bankers that Moreno would not appear. The misdemeanor counts did not significantly increase the seriousness of the case. Consequently, we conclude that the court did not err in denying Bankers's motion to vacate the forfeiture.

### III.  Disposition

The order denying Bankers's motion to vacate the forfeiture is affirmed.

9

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.



_____

Grover, J.




People v. Bankers Insurance Co.
H040226

10

Trial Court:                                    Santa Clara County Superior Court

Trial Judge:                                    Honorable Vanessa A. Zecher

Attorney for Defendant/Appellant:               E. Alan Nunez

Attorneys for Plaintiff/Respondent:             Orry P. Korb
                                                County Counsel

                                                Sara J. Ponzio
                                                Deputy County Counsel

People v. Bankers Insurance Co.
H040226