Filed 4/21/17; pub. order 5/2/17 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D070060 |
| Plaintiff and Respondent, | (Super. Ct. No. 37-2015-00028283-CU-EN-CTL) |
| v. | |
| INTERNATIONAL FIDELITY INSURANCE CO., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa Schall, Judge. Affirmed.

Law Office of John Rorabaugh, John M. Rorabaugh and Robert Tomlin White for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, and Ayriel A. Bland, Deputy County Counsel, for Plaintiff and Respondent.

Appellant International Fidelity Insurance Co. (Fidelity), acting through its agent King Stahlman Bail Bonds, posted a $100,000 bail bond on behalf of Catalin Gabriel

Vaja (defendant) who later failed to make a required appearance. The trial court forfeited the bond under Penal Code[1] section 1305 and later entered summary judgment against Fidelity. Fidelity appeals from an order denying its motion to set aside the judgment entered on the forfeited bail bond. Fidelity contends that, without its knowledge or consent, the trial court added conditions to defendant's bail that materially increased its risk under the bond. Thus, Fidelity claims the bond should be exonerated. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Police arrested defendant on charges of driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)), obtaining a subsequent DUI charge within 10 years of previous DUI conviction (Veh. Code, § 23550.5, subd. (a)), and driving when privilege is suspended or revoked. (Veh. Code, § 14601.1, subd. (a).) Fidelity, though its bail agent, posted a bail bond for defendant's release from custody. The following month, defendant appeared in court for arraignment. The trial court ordered defendant released on bail with conditions to: (1) not drive during the pendency of the case; (2) attend three Alcoholics Anonymous (AA) meetings per week; and (3) abstain from alcohol. Defendant later appeared for his preliminary hearing. At the hearing, the trial court noted that defendant was facing arraignment on a misdemeanor driving case and heard argument from counsel about a "SCRAM" monitoring system which monitors alcohol consumption transdermally and immediately sends a report to the court should defendant consume any alcohol. Instead of raising bail, as an additional condition of the defendant's continued

---

[1] Undesignated statutory references are to the Penal Code.

2

release on the posted bail amount, the court required that defendant enroll in the SCRAM monitoring system within 48 hours.

Defendant failed to appear for trial. The trial court ordered a bench warrant and forfeited the bail bond. The court sent notice of forfeiture to Fidelity. The court later granted an extension of time for defendant to appear. Ultimately, the trial court granted summary judgment on the bond and entered a judgment on the defaulted bond against Fidelity. The court later denied Fidelity's motion to set aside the summary judgment, ruling that "the Defendant in this matter was lawfully required to appear because the Court expressly ordered the Defendant to appear," that "[t]he public safety conditions imposed by the Court did not materially alter the chances of the Defendant's flight risk," and therefore Fidelity "failed to meet its burden." Fidelity timely appealed.

DISCUSSION

I. *LEGAL PRINCIPLES*

A bail bond is a contract between the government and the surety. Under this contract, the surety acts as guarantor of the criminal defendant's appearance in court and risks forfeiture of the bond if the defendant fails to appear. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.) "When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a 'breach of this contract' between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' " (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.)

3

Statutes govern the forfeiture and exoneration of bail. (§ 1305 et seq.) When a defendant who has been released on bail fails to appear in court as required without a sufficient excuse, the trial court is required to declare bail forfeited. (§ 1305, subd. (a)(1).) Within 30 days of the forfeiture, the court clerk must serve notice of the forfeiture on the surety and its bail agent, and, if the bond amount exceeds $400, the notice of forfeiture must be served by mail. (§ 1305, subd. (b)(1).) The surety has 185 days from the date the notice of forfeiture is mailed (180 days plus five days for service by mail) to obtain relief from the forfeiture on any of the grounds set forth in section 1305. (§ 1305, subd. (b)(1); *People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 999.) The 185-day period is known as either the "exoneration period" or the "appearance period." (*People v. United States Fire Ins. Co.*, at p. 1000.) The trial court may extend the original 185-day appearance period up to 180 additional days, on motion supported by a showing of good cause. (§ 1305.4.) If the surety fails to obtain relief from the forfeiture within the appearance period, including extensions, the court shall enter summary judgment against the surety on the bond, plus costs. (§ 1306, subd. (a).)

An order denying a motion to set aside the forfeiture of a bail bond is appealable. (*People v. Ranger Ins. Co.* (1996) 51 Cal.App.4th 1379, 1382.) We normally review an order denying a motion to set aside the forfeiture of a bail bond for abuse of discretion. (*County of Los Angeles v. American Contractors Indemnity Co.* (2011) 198 Cal.App.4th 175, 178.) When, however, the issue is one of statutory construction or contract interpretation, and the evidence is undisputed, we review the order de novo. (*Ibid.*)

4

## II. *ANALYSIS*

Fidelity argues it did not enter into a bail bond contract that included conditioning defendant's release upon defendant's attendance at three AA meetings per week and his adherence to the restrictions of a SCRAM device. Fidelity asserts that the court's act of placing additional conditions and government control upon defendant's release materially altered the bail bond contract to increase its risks. Additionally, it asserts that the court's failure to provide notice of the additional conditions voided the bail bond contract between it and the court. Accordingly, it claims that the subsequent bail forfeiture and summary judgment are void and must be set aside.

Section 1305 sets forth the statutory grounds for vacating forfeiture and exonerating a bond. (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5.) Section 1305, however, does not set forth the exclusive bases for vacating a forfeiture. (*People v. Bankers Ins. Co.* (2016) 247 Cal.App.4th 1004, 1011.) Rather, courts must consider the bonding language and "whether the government's actions materially increased the risk that the surety had accepted." (*Ibid.*) "[I]f the government materially increases the risk to the surety beyond the express terms of the bond without notice to the surety or the surety's consent, the government violates its contract with the surety, and the surety is entitled to vacation of the forfeiture and exoneration of the bond." (*Ibid.*) The surety has the burden of showing, with competent evidence, that a forfeiture of its bail should be set aside. (*People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 725.) Accordingly, the surety has the burden of showing that the bail conditions materially increased its risks.

5

In determining the limits of the surety's risk, we look to the provisions of the bond itself, along with applicable statutes.  (*People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 668, disapproved on other grounds in *People v. Safety National Casualty Corp.*, *supra*, 62 Cal.4th at p. 716, fn. 5.)  We apply the de novo standard of review because the issues turn on the terms of the bail contract and the relevant evidence is not in dispute.  (*County of Los Angeles v. American Contractors Indemnity Co.*, *supra*, 198 Cal.App.4th at p. 178.)  The bond issued by Fidelity provides in relevant part:

> "Now, the INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation, hereby undertakes that the above-named defendant will appear in the above-named court on the date set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof, in whatever court may be prosecuted, *and will at all times hold him/herself amenable to the orders and process of the court*, and if convicted, will appear for pronouncement of judgment or grant of probation; or if he/she fails to perform either of these conditions, that the INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation, will pay the People of the State of California, the sum of [$100,000]."  (Italics added.)

The trial court has discretion to "set bail on the terms and conditions [it] deems appropriate."  (§ 1269c.)  Specifically, the trial court has the power to impose reasonable bail conditions intended to ensure public safety.  (*Gray v. Superior Court* (2005) 125 Cal.App.4th 629, 642.)  The question presented is whether the court's act of conditioning bail on defendant not driving during the pendency of the case, attending three AA meetings per week, abstaining from alcohol, and adhering to the restrictions of a SCRAM device materially increased the risk to Fidelity beyond that contemplated by the express

6

language of the bond. As we shall explain, Fidelity has not established that these conditions materially increased its risk.

As a preliminary matter, we reject Fidelity's argument that the trial court was required to provide it notice before imposing any bail conditions and that the failure to provide notice rendered the bail contract void. Fidelity cited no California authority to support its argument that it was entitled to such notice and nothing in any of the bail statutes (§§ 1268-1320) required the court or the People provide a surety notice of bail conditions. Rather, Fidelity relied on inapposite out-of-state authority, namely: *State v. Sedam* (2005) 34 Kan.App.2d 624 [122 P.3d 829] (*Kansas*); *United States v. King* (7th Cir. 2003) 349 F.3d 964 (*King*) and *United States v. Gambino* (1992) 809 F.Supp. 1048 (*Gambino*).

In *Kansas*, the court vacated a judgment against the surety finding that the trial court's order subjecting defendant to supervision while on bail, including urinalysis and weekly check-ins, without notice to the surety amounted to a material change to the bond. (*Kansas*, *supra*, 122 P.3d at p. 831.) There, however, the bond expressly provided: "If the amount of the bond required for the person's appearance or the other conditions are modified from the above amount or conditions, then this bond is null and void, and a new bond in the required amount and/or with the modified other conditions must be posted at the time." (*Id.* at p. 830.) In contrast, the bond at issue does not contain an express modification clause; rather, it acknowledged and agreed that defendant would be amenable to the trial court's orders and contained no requirement that the surety be given

7

notice of those orders. If Fidelity desired notice of the imposition of bail conditions, it could have negotiated such a provision in the bail contract.

Fidelity cites *King*, *supra*, 349 F.3d 964 and *Gambino*, *supra*, 809 F.Supp. 1048 for the proposition that a surety is entitled to notice of changes made to a defendant's conditions of bail. In both cases, the court held that a surety is entitled to notice of a material change to the conditions of a bond, but ultimately found that the respective change in condition had not materially increased the surety's risk. (*King*, at pp. 966, 968 [defendant's travel to Nigeria and then return to United States, where defendant vanished, did not materially increase risk of flight]; *Gambino*, at pp. 1055, 1056 [removal of electronic monitoring bracelets, under circumstances of case, did not significantly increase defendants' risk of flight.].) When the recognizance of bail is accepted, an implied covenant on the part of the government exists that it will not "take any proceedings with the principal which will increase the risks of the sureties or affect their remedy against him." (*Reese v. United States* (1869) 76 U.S. 13, 22 (*Reese*); *People v. Western Ins. Co.* (2013) 213 Cal.App.4th 316, 322 (*Western*) [same, quoting *Reese*].) "Accordingly, a surety is discharged from its liability under the bail bond agreement if the government, without the surety's consent or knowledge, materially increases the surety's risks." (*Western*, at p. 322.) Here, even assuming Fidelity was entitled to notice of the change in bail conditions, Fidelity should not be discharged from its liability as it has not established the changed conditions significantly increased defendant's risk of flight.

8

Under the bail bond, Fidelity accepted responsibility for ensuring that defendant would appear on a number of DUI related charges, including driving with a suspended or revoked license. The bail bond reflected that defendant was charged with driving under the influence with a suspended or revoked license; thus, Fidelity necessarily knew defendant could not legally drive regardless of conditioning bail on defendant not driving during the pendency of the case. Accordingly, the no driving condition did not materially increase Fidelity's risk.

Fidelity has not presented any evidence showing how the conditions requiring defendant to attend three AA meetings per week, abstain from alcohol, or adhere to the restrictions of a SCRAM device materially increased defendant's flight risk. " 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' " (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.) Here, the conditions imposed by the trial court are unrelated to future court appearances. (Contra, *Reese*, *supra*, 76 U.S. at p. 22 [allowing a defendant to leave country without notice to the surety materially increased risks on a surety relating to defendant's future court appearances]; *Western*, *supra*, 213 Cal.App.4th at pp. 323-324 [same].) Fidelity has not presented any evidence (or persuasive argument) showing how these conditions undermined the primary object of bail—defendant's continuing appearance. Nothing in the record compels a finding that these conditions increased Fidelity's risk to the extent that the bail contract was void as a matter of law. Thus, the

9

court did not err by denying Fidelity's motion to set aside the summary judgment.[2]  As another court noted, Fidelity could have monitored defendant's case and surrendered him to custody if it believed that the bail conditions increased defendant's risk of flight. (*People v. Bankers Ins. Co.*, *supra*, 181 Cal.App.4th at p. 6.)

## DISPOSITION

The order denying Fidelity's motion to vacate the forfeiture and exonerate the bond and the summary judgment on the bond are affirmed.  The People shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278.)

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.

---

[2]  For the first time in its reply brief, Fidelity argues that the bail conditions were unauthorized by law as they waived defendant's constitutional rights.  Waiting until the reply brief to make an argument forfeits the argument.  (*People v. Bonilla* (2007) 41 Cal.4th 313, 349-350.)  Accordingly, we deem the argument forfeited and decline to address it.  (*People v. Smithey* (1999) 20 Cal.4th 936, 1017, fn. 26 [" 'points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before' "].)

Filed 5/2/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>INTERNATIONAL FIDELITY<br>INSURANCE CO.,<br><br>    Defendant and Appellant. | D070060<br><br><br>(Super. Ct. No. 37-2015-00028283-<br>CU-EN-CTL)<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion in this case filed April 21, 2017, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to California Rules of Court, rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), AND

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

_____

HUFFMAN, Acting P. J.

Copies to:  All parties

2