Filed 5/14/24  P. v. American Contractors CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B326161 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ4672) |
| v. | |
| AMERICAN CONTRACTORS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Natalie Stone, Judge.  Affirmed.

Office of County Counsel, Dawyn R. Harrison, County Counsel, Richard P. Chastang, Assistant County Counsel, Michael J. Gordon, Deputy County Counsel, for Plaintiff and Respondent.

Law Office of Mark Vaughn and Mark Vaughn, for Defendant and Appellant.

_____

American Contractors (surety) appeals from the trial court's order denying its motion to set aside a bail bond forfeiture. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

Abba Bail Bonds, on surety's behalf, posted a bail bond for defendant Shannon Vega on November 9, 2019.

On December 4, 2019, Vega appeared at the arraignment hearing and was ordered to submit to house arrest with ankle monitoring.

On January 17, 2020, Vega failed to appear, and the trial court ordered the bail bond forfeited. The clerk mailed a notice of the forfeiture to surety and agent on January 21, 2020, giving surety until July 25, 2020 (185 days) to exonerate the bond by returning Vega to court under Penal Code, section 1305.

On July 27, 2020, surety filed a motion to extend the appearance period, which the court granted, extending the period until March 10, 2021.

On March 23, 2021, the trial court entered summary judgment on the forfeiture.

On April 1, 2021, surety filed a motion to set aside summary judgment, which the court denied on November 19, 2021.

On January 3, 2022, surety filed a second motion to set aside summary judgment, under Emergency Rule 9, which the court denied on March 18, 2022.

Surety filed two more motions to set aside summary judgment—one on August 9, the other on August 12, 2022—both

of which were denied on September 16, 2022, and August 19, 2022, respectively.[1]

The surety filed a timely notice of appeal.

## *DISCUSSION*

Surety argues the bail bond should have been exonerated on December 4, 2019, when the trial court ordered Vega to house arrest with ankle monitoring as a condition of her continued bail release, without giving notice of those conditions to the surety. We review this issue de novo. (*People v. Bankers Ins. Co.* (2016) 247 Cal.App.4th 1004, 1007; *People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 462.)

Courts deciding whether to vacate a forfeiture "must consider the bonding language and 'whether the government's actions materially increased the risk that the surety had accepted.'" (*People v. International Fidelity Ins. Co., supra,* 11 Cal.App.5th at p. 461; see also *People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391, 1395 [" 'A bail bond is a contract between the government and the surety' "; " '[t]he surety's liability is limited to the contract's terms' "].) " '[I]f the government materially increases the risk to the surety beyond the express terms of the bond without notice to the surety or the surety's consent, the government violates its contract with the surety, and the surety is entitled to vacation of the forfeiture and exoneration of the bond.'" (*People v. International Fidelity Ins. Co., supra,* 11 Cal.App.5th at p. 461.)

Surety points to neither language in the bond agreement nor any increase in the risk it faced to support its position that forfeiture should have been vacated and the bond exonerated.

---

[1]     The record only contains the briefs for the motion filed August 9, 2022.

The People correctly observed in their respondent's brief that no language in the bond agreement requires the court to notify the surety of bail conditions.  (See *People v. International Fidelity Ins. Co.*, *supra*, 11 Cal.App.5th at p. 463 [the surety "could have[, but did not] negotiate[]" "notice of the imposition of bail conditions"].)  Common sense dictates that the conditions the court imposed—house arrest and ankle monitoring—did not increase Vega's risk of flight.

Without explaining how they support its position, surety cited *People v. McReynolds* (1894) 102 Cal. 308 *(McReynolds),* and *McDermott v. Superior Court* (1972) 6 Cal.3d 693 (*McDermott*) in its opening brief.  The *McReynolds* court held that the sureties' liability ceased when the defendant was taken into custody of the sheriff by order of the court.  (*McReynolds*, at p. 311.)  *McDermott* held that a provision in the Penal Code permitting statutory penalties to be added to bail violated federal and state constitutional provisions against excessive bail.  (*McDermott*, at p. 696.)  Neither case is apposite here.

## DISPOSITION

The order is affirmed.

LEE, J.*

WE CONCUR:

BAKER, Acting P. J.          MOOR, J.

---

*   Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.