Filed 6/5/25  P. v. Jose CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083222 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD292101) |
| ABIMBOLA KAYODE JOSE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Abimbola Kayode Jose appeals from a judgment following his guilty plea to all charges and allegations.  Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not identified any arguable issues for reversal on appeal and asking the court to review the record for error as mandated by *Wende*.  Counsel informed Jose of

the opportunity to file a supplemental brief. We provided time for Jose to file his own brief, but he did not do so despite counsel's notice of that opportunity.

We independently review the record in this case consistent with our obligations under *Wende, supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Finding no arguable issues, we affirm the judgment.

## BACKGROUND

Jose was charged with a variety of crimes arising out of three alleged incidents. First, on June 8, 2021, Jose broke into locked mailboxes. Police officers arrested Jose, who identified himself by another name. At the time of his arrest, he was in possession of a controlled substance and credit cards and identification cards bearing the names of other individuals.

Second, on December 24, 2021, Jose attempted to steal a car from a rental car company. Police discovered in his possession a credit card skimmer, blank credit cards, identification cards and credit cards belonging to other individuals, and controlled substances. Jose identified himself to police using false names.

Finally, on January 5, 2023, during a search of Jose's residence, police found personal identifying information of other individuals and military identification cards with Jose's photo and other individuals' names.

Jose was arrested on January 5, 2023. On April 20, 2023, he was released on bail with the requirement to "install scram or if bail bond company requires GPS."[1] He entered a residential rehabilitation facility, where he spent 50 days before graduating from the program.

---

[1] "The 'SCRAM' monitoring system . . . monitors alcohol consumption transdermally and immediately sends a report to the court should defendant consume any alcohol." (*People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 459.)

On August 7, 2023, Jose pleaded guilty to the following charges arising out of the three incidents: possession for sale of a controlled substance (Health & Saf. Code, § 11351); two counts of false personation of another (Pen. Code,[2] § 529, subd. (a)(2), (3)); two counts of unlawful acquisition and possession of personal identifying information of another with intent to defraud, with a prior such conviction (§ 530.5, subd. (c)(2)); mail theft (§ 530.5, subd. (e)); unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a)); attempted grand theft of an automobile (§§ 487, subd. (d)(1), 664); attempted grand theft by false personation (§§ 530, 664); unlawful use of personal identifying information of another (§ 530.5, subd. (a)); possession and use of a card scanning device to obtain information (§ 502.6, subd. (a)); giving false identifying information to a peace officer upon lawful detention (§ 148.9, subd. (a)); the unlawful acquisition and possession of personal identifying information of ten or more individuals with the intent to defraud (§ 530.5, subd. (c)(3)); and unlawful access card equipment activity (§ 484i, subd. (c)). Jose further pleaded guilty to section 12022.1, subdivision (b) allegations attached to all but two counts. The plea agreement did not contain a stipulated sentence.

Noting an extensive criminal history with probation previously granted and the many charges in this case, the People sought a sentence of seven years, with four years in custody and three years under mandatory supervision. Jose sought a sentence of 365 days of home detention with any additional punitive terms determined by the court.

At sentencing, the trial court denied probation, reasoning that Jose was presumptively ineligible under section 1203, subdivision (e)(4) with at least eight prior felony convictions and no unusual circumstances supporting a

_____

[2]    Undesignated statutory references are to the Penal Code.

3

sentence of probation. The court sentenced Jose to a total term of seven years,[3] with three years served in custody and four years under mandatory supervision. The court did not award custody credits for Jose's time in residential treatment as requested by the defense. The court imposed a restitution fine of $10,000, in addition to other assessments. Counsel did not object to the restitution fine or request an ability to pay hearing.

Jose filed a notice of appeal and did not request a certificate of probable cause.

DISCUSSION

As noted, appellate counsel filed a *Wende* brief asking the court to independently review the record for error. To assist the court in its review of the record, and in compliance with *Anders, supra*, 386 U.S. 738, counsel has identified the following possible issues considered in evaluating the merits of this appeal:

(1)    Whether the court abused its discretion by declining to sentence Jose to probation or to home confinement;

(2)    Whether the trial court erred in denying Jose's request for custody credits for his time in residential treatment; and

---

[3]    The seven year term was comprised of the following consecutive terms: three years (the middle term) for the principal count, Health and Safety Code section 11351; eight months (one third of the middle term) for each of sections 529, subdivision (a)(3), 10851, subdivision (a), and 530.5, subdivision (c)(3); and two years for a section 12022.1, subdivision (b) enhancement. The court stayed Jose's two-year sentence for section 530.5, subdivision (c)(2) under section 654. Finally, Jose received concurrent one-year sentences (the middle term) for both sections 487, subdivision (d) and 530, and concurrent two-year sentences (the middle term) for each of sections 529, subdivision (a)(2), 530.5, subdivision (a), 530.5, subdivision (c)(2) (both counts), and section 484i, subdivision (c).

4

(3)     Whether the trial court abused its discretion by ordering the maximum restitution fine.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal.

Competent counsel has represented Jose on this appeal.

DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.

5