Filed 4/14/26  P. v. American Surety Co. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H053086 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2310668) |
| v. | |
| AMERICAN SURETY CO., | |
| Defendant and Appellant. | |

American Surety Company (American Surety or the surety) appeals from the trial court's order denying its motion to set aside summary judgment, vacate forfeiture of a bail bond it posted, and exonerate the bond.  American Surety argues the prosecution unilaterally modified the terms of the bail contract and materially increased the risk the surety accepted under the bond, and thus American Surety should have been discharged from its liability.

For the reasons stated below, we conclude the trial court did not err in denying American Surety's motion.  We therefore will affirm the trial court's order.

## I. BACKGROUND

On July 15, 2023, American Surety posted two bonds for the release of Daniel Alexandru from custody, following Alexandru's arrest pursuant to two *Ramey* warrants

under the same booking number issued before criminal charges were filed.[1]  American Surety posted a $125,000 bond concerning an alleged robbery by Alexandru, and another $100,000 bond for a different alleged robbery by Alexandru.  Both bonds required Alexandru to appear for arraignment on August 15, 2023.  American Surety agreed in both bonds that it "hereby undertakes that the above named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her and all duly authorized amendments thereof . . . ."

On August 11, 2023, the prosecution filed a felony complaint against Alexandru, charging him with two second degree robbery counts, one alleged to have taken place in June 2023 and the second alleged to have occurred in January 2023 involving a different victim.  Alexandru failed to appear at his arraignment four days later, and the trial court declared the $125,000 bond forfeited.[2]  The court later entered summary judgment against American Surety.

American Surety then moved to set aside summary judgment, vacate the forfeiture, and exonerate the bond.  American Surety argued relief was appropriate because by filing a single complaint after the surety posted the two bonds, the prosecution "unilaterally altered the bail contracts without notice to the surety."  The trial court denied the motion, stating that the prosecution's decision to charge Alexandru in a single complaint was a matter of prosecutorial discretion that did not materially increase the surety's risk.  This appeal timely followed.

---

[1] See *People v. Ramey* (1976) 16 Cal.3d 263.  "Before the filing of criminal charges, the court may authorize a residential arrest by issuing a so-called *Ramey* warrant . . . ." (*Goodwin v. Superior Court* (2001) 90 Cal.App.4th 215, 218.)

[2] According to a filing in the trial court, only the $125,000 bond was filed with the court, and thus only this bond was forfeited.

## II. DISCUSSION

### A. *Legal Principles*

"[A] bail bond . . . is a ' "contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." ' [Citation.] When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a 'breach of this contract' between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' [Citation.]" (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.)

"When a defendant who has been released on bail fails to appear in court as required without a sufficient excuse, the trial court is required to declare bail forfeited." (*People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 460 (*International Fidelity*).) "If the surety fails to obtain relief from the forfeiture within the appearance period, including extensions, the court shall enter summary judgment against the surety on the bond, plus costs." (*Id.* at pp. 460-461.)

Penal Code section 1305 "sets forth the statutory grounds for vacating forfeiture and exonerating a bond. [Citation.] Section 1305, however, does not set forth the exclusive bases for vacating a forfeiture." (*International Fidelity*, *supra*, 11 Cal.App.5th at p. 461.) A "unilateral change in the terms of the original contract" may render the bond void. (*People v. Lexington National Ins. Corp.* (2015) 242 Cal.App.4th 1098, 1105.) In addition, "if the government materially increases the risk to the surety beyond the express terms of the bond without notice to the surety or the surety's consent, the government violates its contract with the surety, and the surety is entitled to vacation of the forfeiture and exoneration of the bond." (*People v. Bankers Ins. Co.* (2016) 247 Cal.App.4th 1004, 1011.) "The surety has the burden of showing, with competent

evidence, that a forfeiture of its bail should be set aside" based on action that materially increased the surety's risk. (*International Fidelity*, *supra*, at p. 461.)

"An order denying a motion to set aside the forfeiture of a bail bond is appealable. [Citation.] We normally review an order denying a motion to set aside the forfeiture of a bail bond for abuse of discretion. [Citation.] When, however, the issue is one of statutory construction or contract interpretation, and the evidence is undisputed, we review the order de novo." (*International Fidelity*, *supra*, 11 Cal.App.5th at p. 461.)

**B. *Analysis***

The parties disagree as to which standard of review applies to our assessment of the trial court's order. American Surety argues de novo review is appropriate because this issue involves one of "legal analysis or contract interpretation." The People, represented by county counsel, assert abuse of discretion is the applicable standard. We conclude different standards of review apply to the two components of American Surety's argument. As to American Surety's assertion that the People unilaterally modified the terms of the bail contract, we apply de novo review because this requires us to interpret the terms of the contract. (See *International Fidelity*, *supra*, 11 Cal.App.5th at p. 462 ["We apply the de novo standard of review because the issues turn on the terms of the bail contract and the relevant evidence is not in dispute"].) We review the second part of American Surety's argument—that the trial court erred in determining its risk was not materially increased by the consolidated complaint—for abuse of discretion. (See *People v. Indiana Lumbermens Mutual Ins. Co.* (2012) 202 Cal.App.4th 1541, 1555 (*Indiana Lumbermens*) [applying abuse of discretion standard to a claim that the addition of charges materially increased the surety's risk].)

American Surety first argues the decision to charge both robbery offenses in one complaint unilaterally modified the terms of the bail contract, rendering the contract void. However, American Surety agreed in the $125,000 bond to undertake that Alexandru would appear on August 15, 2023 "to answer any charge in any accusatory pleading

4

based upon the acts supporting the complaint filed against him . . . ." At the time American Surety posted the bond, no complaint had been filed. Thus, the surety contracted that Alexandru would appear on August 15, 2023, to answer whatever charges would be listed in the complaint. (See *County of Los Angeles v. American Contractors Indemnity Co.* (2011) 198 Cal.App.4th 175, 179 (*American Contractors*).) Reviewing courts have held that undertaking clauses similar to that here have placed sureties on notice that they contracted for whatever risk was presented by prosecutorial charging decisions. (See *People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 3-4, 7 [undertaking provision that the defendant would appear to " 'answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him/her' " "appears designed to deal with situations where new accusatory pleadings are filed after the original complaint"]; *People v. International Fidelity Ins. Co.* (2010) 185 Cal.App.4th 1391, 1393 [where bond included identical undertaking language, "by the express language of its bond, International Fidelity undertook to ensure [the defendant's] appearance to answer not only the charges alleged in the original complaint, but also those charges in the first amended information"].) Thus, no unilateral modification to the terms of the bail contract occurred.

American Surety next argues the People materially increased the surety's risk by filing a single complaint for both robbery charges after the surety posted separate bail bonds concerning these two alleged offenses. However, American Surety has not demonstrated how the filing of a single complaint materially increased its risk. Its motion to set aside summary judgment did not specifically explain how its risk was materially increased, simply stating: "The bail bonds issued in this case were separate, and neither bond guaranteed the appearance of the defendant for a complaint that combined both incidents into a single case." At the hearing on the motion, the trial court asked American Surety's counsel to specify how the risk was increased by the filing of a single complaint, and counsel merely stated that by combining the two alleged robberies

5

in one complaint, the prosecution was essentially relying on one $125,000 bond to secure Alexandru's appearance instead of the two bonds with a combined value of $225,000. On appeal, American Surety's opening brief did not specify how its risk was materially increased, and even after the People's response noted American Surety's lack of argument on this point, American Surety's reply brief failed to address this matter.

It is American Surety's burden to demonstrate "with competent evidence" that the prosecution's action materially increased the surety's risk. (*International Fidelity*, *supra*, 11 Cal.App.5th at p. 461.) American Surety's lack of evidence or argument on this point fails to meet its burden. (See *id.* at p. 464 [affirming order denying surety's motion to vacate forfeiture and exonerate bond where the surety "has not presented any evidence (or persuasive argument) showing how" its risk was materially increased].)

Our review of the record reveals no abuse of discretion in the trial court's determination that the consolidated complaint did not materially increase American Surety's risk. As the trial court stated in denying American Surety's motion, the charges were merely included "in one piece of paper instead of two pieces of paper . . . ." American Surety asserted to the trial court that its risk was materially increased because instead of a total $225,000 bail for two cases, the combined complaint meant Alexandru's appearance was now only secured by a single $125,000 bail bond. However, American Surety has not cited any authority demonstrating this constituted a material increase to its risk, particularly where American Surety agreed to undertake that Alexandru would appear on any charge in any accusatory pleading.

American Surety cites *People v. King Bail Bond Agency* (1990) 224 Cal.App.3d 1120 to argue that "a bail contract is limited to charges based on the case where bail was posted." In that case, the defendant was acquitted of the charges for which bail was posted but was sentenced to five days in jail for contempt of court during her trial. (*Id.* at pp. 1122-1123.) The Court of Appeal held that the contempt proceeding was "a separate and distinct action from the criminal proceeding in which it occurred and not

6

contemplated within the terms of the bond undertaking . . . ." (*Id.* at p. 1124.) By contrast, the instant case involves two robbery charges that were both listed in the complaint, and the bond undertook that Alexandru would appear to answer any charges listed in the complaint.

Courts of Appeal have held in some situations that even the addition of criminal charges does not constitute a material increase in the surety's risk. (See *Bankers*, *supra*, 247 Cal.App.4th at p. 1011 [addition of two misdemeanor counts to felony complaint "did not significantly increase the seriousness of the case" and thus did not materially increase the risk that the defendant would not appear]; *American Contractors*, *supra*, 198 Cal.App.4th at pp. 179-180 [complaint adding two charges and prior strike allegations did not materially increase the risk to the surety even though the new charges were unrelated to the offense for which the bond was issued].) No charges were added here; the prosecution merely elected to include both robbery counts in the same complaint. American Surety does not allege that the prosecution's charging decision was improper under Penal Code section 954, setting forth procedures for charging more than one count or offense. The surety's unsupported assertion that consolidating two offenses in one complaint materially increased its risk does not satisfy its burden. "Irrespective of whether [Alexandru] was being prosecuted on the various counts by way of two felony complaints or via a single consolidated complaint, he was facing the same charges after the consolidation as before . . . ." (*Indiana Lumbermens*, *supra*, 202 Cal.App.4th at p. 1551.)

In posting the bond, American Surety guaranteed Alexandru's appearance on August 15, 2023, for any charges that would be made in a future complaint. The later-filed complaint charged Alexandru with two counts of second degree robbery. Because the complaint contained these charges, no material increase in American Surety's contractual risk occurred. American Surety " 'was free to monitor the case and determine what charges ultimately were made in the original complaint, and free to surrender

7

[Alexandru] pursuant to Penal Code section 1300 if it believed the bond was inadequate to cover the flight risk presented by the complaint.' "[3] (*American Contractors*, *supra*, 198 Cal.App.4th at p. 180.) Accordingly, the trial court did not abuse its discretion in denying American Surety's motion to set aside summary judgment, vacate forfeiture, and exonerate the bond.

### III. DISPOSITION

The order denying American Surety Company's motion to set aside summary judgment, vacate forfeiture, and exonerate the bond is affirmed. The county shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278.)

---

[3] Penal Code section 1300 states that "[a]t any time before the forfeiture of their undertaking, or deposit by a third person, the bail or the depositor may surrender the defendant in their exoneration . . . to the officer to whose custody he was committed at the time of giving bail," and specifies procedures for doing so.

_____

Greenwood, P. J.

WE CONCUR:

_____

Danner, J.

_____

Bromberg, J.

H053086 People v. American Surety Co.